KENNETH RONALD GRAVES, APPELLANT, *v.* C. W. YOUNG, SHERIFF OF WASHOE COUNTY, RESPONDENT.

No. 5215

December 5, 1966                                     420 P.2d 618

[Rehearing denied January 19, 1967]

*Harry E. Claiborne* and *Annette R. Quintana,* of Las Vegas for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Robert Gaynor Berry,* Deputy District Attorney, Washoe County, for Respondent.

434

## OPINION

By the Court, COLLINS, J.:

Appellant was charged by indictment with the felony of attempted murder in the first degree, a violation of NRS 208.070,[1] being an attempt to violate NRS 200.-030.[2]

---

[1]NRS 208.070

"Punishment for attempts. An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:

"1. If the crime attempted is punishable by death or life imprisonment, the person convicted of the attempt shall be punished by imprisonment in the state prison for not more than 20 years."

[2]NRS 200.030

"Degrees of murder; jury, three-judge district court to find degree and fix penalty.

"1. All murder which shall be perpetrated by means of poison, or lying in wait, torture, or by any other kind of willful, deliberate and premeditated killing, or which shall be committed in the perpetration, or attempt to perpetrate, any arson, rape, robbery or

He was denied discharge on habeas corpus by the lower court. His appeal raises one question: Does the law of Nevada permit a person to be charged with attempted murder?

Appellant contends he can be charged only under NRS 200.400,[3] which defines assault with intent to kill and urges that "an assault with intent to kill is an aggravated unlawful attempt, coupled with a present ability, with intent to kill another person, irrespective of whether the crime, if completed, would have constituted manslaughter or murder." He relies upon State v. O'Connor, 11 Nev. 416 (1876).

O'Connor, supra, held it was not error to refuse a jury instruction requested by defendant that unless they found that if the victim had died the killing would have been murder, they could not find the defendant guilty of assault with intent to kill, but could only find him guilty of assault and battery or acquit. The decision involved two early Nevada statutes. The first regular session of the legislative assembly, Territory of Nevada (1861), by

---

burglary, or which shall be committed by a convict in the state prison serving a sentence of life imprisonment, shall be deemed murder of the first degree; and all other kinds of murder shall be deemed murder of the second degree.

\* \* \* \* \*

"4. If the jury shall find the defendant guilty of murder in the first degree, then the jury by its verdict shall fix the penalty at death or imprisonment in the state prison for life with or without possibility of parole, except that if the murder was committed by a convict in the state prison serving a sentence of life imprisonment, the jury shall fix the penalty at death or imprisonment in the state prison for life without possibility or parole. Upon a plea of guilty the court, as provided in subsection 3, shall determine the same; and every person convicted of murder of the second degree shall suffer imprisonment in the state prison for a term of not less than 10 years, which term may be extended to life."

[3]NRS 200.400

"1. An assault with intent to kill, commit rape, the infamous crime against nature, mayhem, robbery or grand larceny shall subject the offender to imprisonment in the state prison for a term not less than 1 year nor more than 14 years; but if an assault with intent to commit rape be made, and if such crime be accompanied with acts of extreme cruelty and great bodily injury inflicted, the person guilty thereof shall be punished by imprisonment in the state prison for a term of not less than 14 years, or he shall suffer death, if the jury by their verdict affix the death penalty."

enactment of Chapter XXVIII, Sec. 47, page 64, created the crime of "Assault with intent to commit murder." Nevada thereafter became a state and in 1873 the legislature amended Sec. 47 to read "Assault with intent to kill." Laws of Nevada 1873, Chapter LXII, Sec. 3, page 119.

This court in O'Connor, supra, interpreting those two statutes, said, "This instruction does not present the law of the case, even if the appellant's interpretation of the statute were correct. But he is mistaken in supposing that the statute only embraces assaults with intent to kill, where the circumstances are such as would make the killing murder. By the act of 1861, a penalty was prescribed for assault with intent to commit *murder*. In 1873, the section containing this provision was amended by substituting 'assault with intent to *kill*,' showing clearly that the design of the legislature was to impose the prescribed penalty in all cases where the killing, if effected, would be unlawful. It may be true, as counsel contends, that this indictment charges an attempt to murder; but certainly that does not make it any the less a good indictment for an attempt to kill; and as the penalty is the same in all cases, it would have been worse than useless to ask the jury to make a special finding as to what the grade of the homicide would have been if the person assaulted had been killed."

Did the legislature intend to limit prosecution of all attempted homicides under its definition of assault with intent to kill? We think not and specifically overrule that implication in State v. O'Connor, supra.

When the territorial legislature of 1861 created the crime of assault with intent to murder, Chapter XXVIII, Sec. 47, page 64, it also created the crime of attempt to commit a public offense which included murder. Chapter XXVIII, Sec. 158, page 89.[4] It is logical to assume when

---

[4]"Sec. 158. Every person who shall attempt to commit a public offense, and in such attempt shall do any act toward the commission of such offense, but shall fail in the perpetration thereof, or shall be prevented or intercepted in executing the same, upon conviction thereof, shall, in cases where no provision is made by law for the punishment of such attempt, be punished as follows:

the 1861 act was amended in 1873 changing the crime of assault with intent to murder to assault with intent to kill, the legislature knew attempted murder was adequately covered by the general attempt statute but that lesser degrees of attempted homicide, especially those involving assault, were not.

Also there is a distinction in the factual allegations which must be made and proved in attempted murder and assault with intent to kill. In the former, malice and premeditation must be alleged and proved. In the latter, there is no such requirement of allegation or proof to convict. Likewise the legislature has seen fit to require a more severe penalty for attempted murder (not more than 20 years) than assault with intent to kill (not less than 1 nor more than 14 years).

Inferentially this court recognized the crime of attempt to commit rape, State v. Charley Lung, 21 Nev. 209, 28 P. 235 (1891). In that case, however, there was no direct urging of the point in issue here. We did affirm a conviction of attempt to commit grand larceny, State v. Thompson, 31 Nev. 209, 101 P. 557 (1909); attempt to commit the infamous crime against nature, State v. Verganadis, 50 Nev. 1, 248 P. 900 (1926); attempt to commit rape, State v. Pierpoint, 38 Nev. 173, 147 P. 214 (1915); State v. Squier, 56 Nev. 386, 54 P.2d 227 (1936). These charges were all brought under the general attempt statute, NRS 208.070, notwithstanding the assault statute, NRS 200.400.

---

First. If the offense so attempted to be committed, be such as is punishable by death or by imprisonment in the Territorial Prison for a term which may extend to life, the person convicted of such attempt shall be punished by imprisonment in the Territorial Prison not exceeding ten years. Second. If the offense so attempted is a misdemeanor, the person so convicted of such attempt shall be punishable by a fine not exceeding one half of the largest amount, or by imprisonment in the county jail or Territorial Prison, as the case may be, for a term not exceeding one half of the longest time prescribed by law, upon a conviction of the offense so attempted. Third. If the offense so attempted is a felony, not punishable by death or imprisonment, which may extend to life, the person convicted of such offense shall be punished by imprisonment in the Territorial Prison, for a term not exceeding one half the longest time which may be imposed upon a conviction of the offense so attempted."

Appellant contends in any event there is no crime known as attempt to commit murder in the first degree. The words "murder in the first degree" are a legal conclusion. The facts alleged in the indictment and proof at trial determine degree. The crime attempt to commit murder is made a crime by statute. The words "first degree" are mere surplusage. State v. Roderigas, 7 Nev. 328 (1872).

Because this matter will be tried, we feel one more point should be ruled upon. There is a question whether under prosecution for attempted murder, assault with intent to kill may be a lesser included offense. If there is evidence of an assault we hold that it would be. We said in Ex parte Curnow, 21 Nev. 33, at 39, 24 P. 430 (1890), "In determining the question whether, under such indictment [a murder indictment in which defendant was found guilty of assault with intent to kill], a verdict for the lower offense can be sustained, court should look at the evidence submitted at the trial, as well as to the language of the charge contained in the indictment." If there were no evidence of an assault, it would not be a lesser included offense. Attempted murder can be committed with or without assault.

Judgment affirmed.

THOMPSON, J., and ZENOFF, D. J., concur.