KENNETH RONALD GRAVES, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5312

April 11, 1968                    439 P.2d 476

[Rehearing denied May 6, 1968]

*Harry E. Claiborne, Annette R. Quintana,* of Las Vegas, *Mack Fry,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, BATJER, J.:

After a remand, by this court, for a new trial, (Graves v. State, 82 Nev. 137, 413 P.2d 503 (1966)), a jury convicted the appellant, Kenneth Ronald Graves of attempted first degree murder. The trial court entered a judgment finding the appellant guilty of attempted murder in the first degree and sentenced him to a prison term of not less than five years and not more than twenty years. From this judgment Graves appeals.

As his first two assignments of error, appellant contends that the indictment charging him with the crime of attempted murder of the first degree does not charge a public offense

against the laws of this state and that the indictment is duplicitous because it also charges facts constituting the separate crime of assault with intent to kill.

These are the very same contentions raised by the appellant on appeal from a denial of his discharge on habeas corpus by the lower court, Graves v. Young, 82 Nev. 433, 420 P.2d 618 (1966). In that case we held that a person may be charged with attempted murder, and that assault with intent to kill may be a lesser included offense of attempted murder if there is evidence of assault.

The doctrine of the law of the case requires us to follow Graves v. Young, supra.

In the case of State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944), this court said: "* * * it is a firmly established general rule that 'an adjudication on the first appeal is the law of the case on all subsequent appeals in which the facts are substantially the same.' "

Next we turn to appellant's claim that the trial court erred when it refused to instruct the jury on the crime of attempted manslaughter.

The record is devoid of evidence to support an instruction on attempted manslaughter. The trial court properly refused such an instruction. From 1867 when this court affirmed the conviction of John Millain for the murder of Julia Bulette, (State v. Millain, 3 Nev. 409), to the recent case of Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968), this court has held that a trial court is justified in refusing to give an instruction on the crime of manslaughter[1] if there is no evidence to support such an instruction. Accord, State v. Donovan, 10 Nev. 36 (1875); State v. Johnny, 29 Nev. 203, 87 P. 3 (1906); State v. Fisco, 58 Nev. 65, 70 P.2d 1113 (1937);

---

[1]NRS 200.040. "Manslaughter is the unlawful killing of a human being, without malice express or implied, and without any mixture of deliberation. It must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible; or, involuntary, in the commission of an unlawful act, or a lawful act without due caution or circumspection."

NRS 200.050. "In cases of voluntary manslaughter, there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing."

State v. Loveless, 62 Nev. 312, 150 P.2d 1015 (1944); State v. Varga, 66 Nev. 102, 205 P.2d 803 (1949); Holland v. State, 82 Nev. 191, 414 P.2d 590 (1966); Rogers v. State, 83 Nev. 376, 432 P.2d 331 (1967).

▆▆▆▆▆▆■■

The presence of malice precludes an instruction on the crime of manslaughter. In this case there is a good deal of evidence that the appellant was actuated by malice in shooting Joseph Fuetsch. The circumstances of the shooting are sufficient to bring into operation the rule of NRS 200.020(2).[2]

Finally, in appellant's multi-pointed assignment of error, he contends that he was denied the right to a fair and impartial trial for the following reasons: (a) That the testimony of Dr. Ernest W. Mack, as to the nature and extent of the victim's injury, was inflamatory and prejudicial.

▆▆▆▆▆▆■

We first turn to this point in the assignment of error. The appellant is charged with attempt to commit murder in the first degree. Complete testimony as to the nature and extent of the injury to the victim, Joseph Fuetsch, was permissible in order to enable the jury to arrive at a fair and just verdict. Whether the evidence was of such an inflammatory nature as to outweigh its probative value and preclude its admission is a question within the sound discretion of the trial court. See Commonwealth v. D'Agostino, 182 N.E.2d 133 (Mass. 1962). Here the trial court did not abuse its discretion.

▆▆▆▆▆■

There must be evidence that the wounds and resulting injury to the victim is to such a vital part of the human body, that it could lead to death, in order to support the charge of attempt to commit murder in the first degree. It is permissible to fully inform the jury, not only of the location of the wound, but of the entire nature and extent of the resulting injury.

Discussing the admissibility of medical testimony concerning the extent and degree of permanency of the injuries sustained by the victim, the court in the case of People v. Manning, 50 N.E.2d 118 (Ill. 1943), said: "The theory is that such evidence is admissible to show that the weapon used was

---

[2]NRS 200.020. "1. Express malice is that deliberate intention unlawfully to take away the life of a fellow creature, which is manifested by external circumstances capable of proof.

"2. Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart."

dangerous and to show also the character of the assault. The reason for the rule would appear to be that the jury cannot know the force of the blow without knowing the effect, and the effect here was not alone knocking (victim) to the ground. Likewise, with the jury looking back from the injuries, it can better determine the character of the act * * *."

Dr. Mack's testimony was material and relevant. It was elicited and given in a professional manner, and in no reasonable way could it be deemed unduly prejudicial and inflammatory toward the appellant. The testimony of Dr. Mack at the first trial of the appellant was substantially the same. In *Graves v. State, supra,* this court, referring to appellant's contention that Dr. Mack's testimony describing the nature and extent of the victim's injury was inflammatory and prejudicial said: "We have considered the remaining assignments of error and find them without merit." That is the law of the case on this point, *State v. Loveless, supra.*

(b) In his next claim of error, appellant alleges that a deposition of the appellant taken shortly after the shooting, at the request and insistence of the appellant, in the presence of his attorney, and before the appellant was ever accused or charged, should not have been admitted into evidence because certain objectionable material, inextricably interspersed with matter which was otherwise admissible, was highly prejudicial to defendant and not material or relevant to the crime charged.

We find this contention to be without merit.

(c) The appellant's allegation that his constitutional rights to a fair trial were infringed upon when the prosecutor commented on appellant's failure to take the witness stand and testify on his behalf is simply not supported by the record. No fair reading of that particular part of the prosecutor's final argument singled out by the appellant, could, by any stretch of the imagination, be construed as a comment on appellant's failure to testify.

We find this claim of error to be without merit.

(d) Finally, appellant contends that the prosecutor's reference in his opening statement to the victim's favorable reputation in the community, and that he was "a young boy about 18 years of age, well liked, a young high school graduate," the background testimony of the prosecution's witness, Ralph

Albright, that he was in the military service, a former university student and a high school friend of Joseph Fuetsch, and the testimony of Hazel Landers, appellant's female companion on the night of the shooting, that she "had a house of prostitution," were irrelevant and highly prejudicial to the rights of the appellant to a fair trial. We disagree with the appellant's contentions. We have considered all assignments of error and find them to be without merit.

Judgment of the trial court is affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and MOWBRAY, JJ., concur.