HECTOR PACHECO, Appellant, v. WARDEN, NEVADA STATE PRISON, Respondent.

No. 6471

May 14, 1971            484 P.2d 1082

*Robert G. Legakes,* Public Defender, and *Michael A. Cherry,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, *Roy A. Woofter,* District Attorney, and *Charles E. Thompson,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of kidnaping in the first degree (NRS 200.310) and sentenced to life imprisonment under NRS 200.320(1).[1] He now attacks the constitutionality of NRS 200.320(1) on the basis that this sentencing statute produces guilty pleas, waivers of trial by jury and deals obtained under pressure and coercion of fear of the death penalty. He relies on Spillers v. State, 84 Nev. 23, 436 P.2d 18 (1968), and United States v. Jackson, 390 U.S. 570 (1968), in which statutes that are assertedly similar were held unconstitutional.

Even assuming the relevant statute here to be similar to that in *Spillers*—though we do not so hold—we are unable to see how Pacheco was prejudiced by its operation and for that reason must deny relief. He chose to proceed with a jury trial and received a penalty of life imprisonment. *Cf.* Howard v. State, 84 Nev. 599, 446 P.2d 163 (1968); and Bumper v. State of North Carolina, 391 U.S. 543 (1968).

Affirmed.

---

[1]NRS 200.320. *Kidnaping in first degree; Punishment.* Every person convicted of kidnaping in the first degree shall be punished:

1. Where the kidnaped person shall suffer substantial bodily harm during the act of kidnaping or the subsequent detention and confinement or in attempted escape or escape therefrom, with death or by imprisonment in the state prison for life without possibility of parole, or by life imprisonment in the state prison with the possibility of parole, eligibility for which begins when a minimum of 10 years has been served, such sentence to be determined by the jury convicting the person so found guilty.