GARY ASKEW, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 6889

August 21, 1973                    513 P.2d 441

*Gary A. Sheerin,* State Public Defender, Carson City, for Appellant.

*Robert List,* Attorney General, Carson City; and *Charles Waterman,* District Attorney, Mineral County, for Respondent.

## OPINION

*Per Curiam:*

Appellant, charged with two counts of attempted murder (NRS 200.010, NRS 208.070), was convicted of two counts of battery with intent to kill (NRS 200.400(3)). He asks us to reverse the conviction because (1) the trial court refused to give the jury his requested instruction defining attempted murder and, (2) both attempted murder and battery with intent to kill are identical crimes and since different penalties[1] are provided for the offenses there is an unlawful delegation of legislative authority under Lapinski v. State, 84 Nev. 611, 446 P.2d 645 (1968).

---

[1] A conviction for attempted murder can result in a 20 year prison term. NRS 208.070. Battery with intent to kill carries a maximum 10 year sentence. NRS 200.400(3).

1. We are unable to perceive how the appellant could possibly be prejudiced by the refusal of the trial court to give his requested instruction defining attempted murder, because he was acquitted by the jury of the attempted murder charges. Therefore, we find that contention to be totally without merit. Bumper v. North Carolina, 391 U.S. 543 (1968); Pacheco v. Warden, 87 Nev. 231, 484 P.2d 1082 (1971). Cf. Miller v. West, 88 Nev. 105, 493 P.2d 1332 (1972).

2. In *Lapinski* we condemned a statute which permitted the prosecutor to elect whether to charge an accused with a felony or a misdemeanor. Appellant's reliance on *Lapinski* is misplaced.

In order to sustain a conviction for attempted murder, "malice and premeditation must be alleged and proved." In battery with intent to kill "there is no such requirement of allegation or proof to convict." Graves v. Young, 82 Nev. 433, 437, 420 P.2d 618, 620 (1966). The crime of battery with intent to kill, while a lessor included offense under an attempted murder charge, may be a separate and distinct crime where malice and premeditation are absent. Furthermore, the penalty is less severe. See Graves v. Young, supra.

Affirmed.