JAMES DAVID ARNOLD, Appellant, *v.* STATE OF NEVADA, Respondent.

No. 10058

December 14, 1978                                          587 P.2d 423

*Morgan D. Harris,* Public Defender, and *Peter J. Christiansen,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, *H. Leon Simon,* Chief Deputy District Attorney, and *Stanley W. Parry,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

After being convicted of the crime of burglary by jury verdict and sentenced to seven years in the Nevada State Prison, James David Arnold perfected this appeal contending (1) the statutory presumption embodied in NRS 205.065 is unconstitutional because it presumes an essential element of the crime; (2) the district attorney's opportunity to elect from competing statutes constitutes a denial of the appellant's right to due process; (3) the portion of NRS 205.060(1) making it a felony for any person to enter a vehicle with the intent to commit larceny or any felony has been superseded or impliedly repealed; and (4) the trial court erred in failing to instruct the jury on the crime of tampering with a vehicle as a lesser included offense.

1.  Arnold previously advanced the first three (3) assignments of error in his appeal from an order denying a pretrial petition for a writ of habeas corpus (case No. 9510, styled: "Arnold v. Sheriff"). That appeal was summarily dismissed March 9, 1977, because Arnold failed to demonstrate reversible error. Even if we assume he is entitled to again advance those claims, we still deem them to be without merit. *Cf.* Theriault v. State, 92 Nev. 185, 547 P.2d 668 (1976); Graves v. State, 84 Nev. 262, 439 P.2d 476 (1968). Accordingly, they are summarily rejected.

2.  Although the acts committed by appellant may well constitute the crime of tampering, NRS 205.274(2), they also constitute the crime of burglary, NRS 205.060. Since the prosecution met its burden of proof on the burglary charge and there was no evidence at trial tending to reduce that crime, an instruction on the crime of tampering with a vehicle was properly refused. Holbrook v. State, 90 Nev. 95, 518 P.2d 1242 (1974); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).

There being substantial evidence to support the jury's verdict, the judgment is affirmed.[1]

---

[1]The Chief Justice designated the HONORABLE DAVID ZENOFF, Chief Justice (Retired), to sit in this case. Nev. Const. art. 6, § 19.