## RICHARD KENNETH BLOCK, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10816

December 20, 1979                                    604 P.2d 338

*Morgan D. Harris,* Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, BATJER, J.:

Richard Kenneth Block appeals his conviction by jury for burglary. He raises four contentions on appeal: (1) statements made to police were fruits of an illegal arrest and should have been excluded; (2) the trial judge violated Block's Sixth Amendment right to represent himself by failing to inquire if Block wanted to proceed *pro se* prior to denying Block's motion to discharge his appointed counsel; (3) the trial judge committed reversible error by refusing to instruct the jury on the lesser included offense of trespass; and (4) the evidence was insufficient to support a verdict of guilty. We affirm.

In the early morning hours of March 21, 1977, a police helicopter unit and several patrol units responded to a burglar alarm at a Skaggs Drug Center in Las Vegas, Nevada. Two men were seen inside the store climbing up a ladder to the roof. Police apprehended the two men running from the building after they had jumped off the roof at the rear of the store.

In the meantime, an officer in a helicopter observed "an object or person or something go over the front" of the store. With the aid of a powerful light, the helicopter followed the person who jumped from the roof until officers on the ground caught him hiding in some bushes. The arresting officers identified Block as the person apprehended in the bushes.

' After arresting Block and informing him of his *Miranda* rights, officers placed Block in a patrol car. During the trial, two officers testified that en route to the station and at the station Block had complained that he had hurt his foot when he jumped from the roof.

Block contends that the testimony concerning his statements about his foot injury should not have been allowed because the statements were fruits of an arrest made without probable cause.

An arrest without a warrant is constitutionally valid only if the arresting officer had probable cause to arrest the defendant. Beck v. Ohio, 379 U.S. 89 (1964). Probable cause exists if the facts and circumstances known to the officer at the time of the arrest would lead a prudent person to believe that a felony was committed by the defendant. Washington v. State, 94 Nev. 181, 576 P.2d 1126 (1978); Beck, *supra;* NRS 171.124(1)(c).[1] Mere suspicion which arises from the defendant's presence in the vicinity of the crime does not constitute probable cause. Rodarte v. City of Riverton, 552 P.2d 1245 (Wyo. 1976). Nor does flight in response to approaching police officers, in and of itself, constitute probable cause. People v. Bates, 546 P.2d 491 (Colo. 1976).

In this case, the arresting officers knew that a burglary had been committed, that two suspects had been arrested after they had jumped from the roof at the rear of the store, and that Block was continuously observed by the helicopter unit from the moment he jumped from the roof in front of the store until he was captured. The facts known to the officers were sufficient to establish reasonable cause for believing that Block had committed a burglary. Consequently, the arrest was legal and the testimony regarding Block's statements was properly admitted.

Block's next assertion is that the trial judge erred by not inquiring if Block wished to represent himself. On the second day of his two day trial, Block requested that the court allow his counsel to withdraw. Block based his motion "on our communication; I cannot set up a proper defense for this case". Block's attorney explained that Block had refused to discuss the case that morning and that, given the total breakdown in communication, he would be unable to adequately defend Block. He urged the court to appoint another attorney to represent Block. The trial judge denied Block's request for withdrawal of counsel because the jury had been sworn, the trial was underway, and Block's current counsel was competent and qualified to handle Block's defense.

In Faretta v. California, 422 U.S. 806 (1975), the United States Supreme Court held that the Sixth Amendment guarantees a criminal defendant the right to represent himself. There are two limitations on that right, however. The demand for *pro*

---

[1]NRS 171.124 Arrests by peace officers.

"1. A peace officer may make an arrest in obedience to a warrant delivered to him, or may, without a warrant, arrest a person:

. . . .

(c) When a felony or gross misdemeanor has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

*se* status must be timely and must be unequivocal. United States v. Dujanovic, 486 F.2d 182, 186 (9th Cir. 1973).

Block did not make an unequivocal demand for *pro se* status.[2] On appeal, Block argues that the trial judge should have made an affirmative inquiry with respect to Block's wishes to proceed *pro se* to dispel any doubt about Block's reasons for wanting his counsel to withdraw. We disagree. We refuse to place the burden of eliciting an unequivocal demand upon the trial judge.[3]

Block's third contention is that the trial judge erroneously refused to instruct the jury on the lesser included offense of trespass.[4]

"If there is any evidence at all, however slight, on any reasonable theory of the case under which the defendant might be convicted of a lower degree or lesser included offense, the court must, if requested, instruct on the lower degree or lesser included offense." Lisby v. State, 82 Nev. 183, 188, 414 P.2d 592, 595 (1966). A crime is a lesser included offense if it is necessarily committed anytime the charged offense is committed. *Id.* at 187.

Block was charged with burglary: the entry into a store or other building with intent to commit a larceny or a felony. NRS 205.060. A trespass is committed when a person enters onto land or into a building with intent to commit an unlawful act. NRS 207.200. A burglary cannot be committed without entering a building with the requisite intent. Thus, a trespass committed by entering into a building with intent to commit an unlawful act is a lesser included offense of burglary.

However, Block points out that there was no evidence that he entered into the store. Absent an evidentiary basis for an intermediate verdict of trespass by entry into the store, a trespass instruction is improper. Klepar v. State, 92 Nev. 103, 546

---

[2]The trial judge and defense counsel interpreted Block's request as a motion to substitute counsel. On appeal, Block simply argues that he was denied his right to represent himself.

[3]Such an inquiry could be interpreted as an improper solicitation of a waiver of the constitutional right to counsel.

[4]Appellant's proposed instructions refused by the trial judge:

Instruction No. A—Trespass is defined as the unlawful entry onto land or into any building of another with the intent to vex or annoy the owner or occupant thereof, or to commit any unlawful act.

Instruction No. B—You are instructed that if you find that the state has failed to prove the defendant guilty of burglary you may still find the defendant guilty of a lessor included offense of trespass providing the state has proven said defendant guilty of said trespass charge beyond a reasonable doubt.

P.2d 231 (1976); Arnold v. State, 94 Nev. 742, 587 P.2d 423 (1978). Furthermore, the "entry onto land" form of trespass is not a lesser included offense of burglary and thus requires no instruction. *Cf.* Jackson v. State, 93 Nev. 677, 572 P.2d 927 (1977) (trial judge properly refused instruction on unlawful taking of a vehicle because not lesser included offense of burglary). The trial judge did not err by refusing the proposed trespass instructions.[5]

Finally, Block challenges the sufficiency of the evidence. It is the function of the jury and not of the reviewing court to weigh the evidence. Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975); McGuire v. State, 86 Nev. 262, 468 P.2d 12 (1970). A conviction will not be reversed on the ground that the verdict is contrary to the evidence if there is any substantial evidence to support it. McKinney v. State, 95 Nev. 494, 596 P.2d 503 (1979).

In view of Block's presence at the crime scene, his attempts to evade capture, and his statement concerning his foot injury, a rational trier of fact could conclude beyond a reasonable doubt that Block was aiding and abetting the commission of a burglary and thus was guilty of burglary himself. NRS 195.020.

The judgment of conviction is affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[5]Block does not argue that he was intitled to an instruction on aiding and abetting a trespass. Even if Block conceded that he was involved with the two men seen inside the store, the refusal to give such an instruction did not constitute error because the conduct of the two men clearly exceeded a mere trespass. *See* Jackson v. State, 93 Nev. 677, 572 P.2d 927 (1977); Holland v. State, 82 Nev. 191, 414 P.2d 590 (1966).