DAVID CHARLES BARNES and JOANNE AUNE, Appellants, *v.* THE STATE OF NEVADA, Respondent.

No. 12200

July 20, 1981                               630 P.2d 1221

*William N. Dunseath,* Public Defender, *N. Patrick Flanagan,* Deputy Public Defender, Washoe County, for Appellants.

*Calvin R. X. Dunlap,* District Attorney, and *Mary E. Boetsch,* Deputy District Attorney, Washoe County, for Respondent.

356

## OPINION

*Per Curiam:*

Appellants David Charles Barnes and Joanne Aune appeal from their judgments of conviction of murder in the first degree. The appellants seek reversal predicated upon three grounds: (1) the trial court erred in admitting into evidence the murder weapon; (2) the prosecutor's remarks prejudiced the jury; and (3) the court improperly instructed the jury.

### THE FACTS

In the early hours of October 13, 1977, the appellants engaged a cab to take them to their home in Reno. Later in the morning, the driver was found in the ransacked cab with seven bullet holes in his back.

Appellants were soon apprehended; they had in their possession a pistol which proved to be the murder weapon. The appellants were charged with (1) willful, deliberate and premeditated murder, and (2) with murder committed during the perpetration of a felony. They were tried to a jury and found guilty of first degree murder, predicated on both counts. The appellants admitted the homicide. Aune testified, however, that the cab driver had tried to attack Barnes with a pen, and that she came to Barnes' rescue by shooting the driver seven times in the back.

### THE EVIDENCE

The appellants claim the court erred in admitting the murder weapon into evidence. They argue that they were illegally

arrested at the time the pistol was found in their possession. We do not agree. Two police officers, with warrants for appellants' arrest, accompanied appellants' host to the dwelling in which appellants were staying. The owner of the house consented to the officers' request to enter the house. The arrest and search of the appellants was lawful. *Cf.* Payton v. New York, 445 U.S. 573 (1980); Chimel v. California, 395 U.S. 752 (1969).

## THE PROSECUTORIAL STATEMENT

Defense counsel repeatedly asked Aune on direct examination what Barnes had said on the morning of the killing. The prosecution offered a hearsay objection and after one such objection volunteered the suggestion: "If David Barnes wants to talk, he can get up on the stand and do it." Appellants contend that this was a prejudicial comment on Barnes' right to remain silent at trial in contravention of the fifth amendment and Griffin v. California, 380 U.S. 609 (1965). This court has held that the test in such instances is whether the language was "manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to [respond]." Deutscher v. State, 95 Nev. 669, 682, 601 P.2d 407, 416 (1979), citing Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955). Applying this test to the facts at hand, we fail to see how the above quoted language "naturally and necessarily" would be taken as a comment on the failure of the accused to testify.

## THE INSTRUCTIONS

1. Appellants suggest that the trial judge erred in failing to give the jury their requested instructions defining voluntary manslaughter. We do not agree. Our review of the record leads us to agree with the lower court that there is no evidence which would justify giving the requested voluntary manslaughter instructions.[1] *See* Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968); Graves v. State, 84 Nev. 262, 439 P.2d 476 (1968), *cert. denied,* 393 U.S. 919.

---

[1] NRS 200.050 defines voluntary manslaughter:

"In cases of voluntary manslaughter, there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing."

2.   Appellants also seek reversal on the ground that the trial judge erred when he failed to instruct the jury that the taking of property in the course of a robbery must be with the specific intent to deprive the owner permanently of his property. Turner v. State, 96 Nev. 164, 605 P.2d 1140 (1980). Since appellants were found guilty of the felony murder count, they now argue that their judgment of conviction must be reversed. We do not agree. Appellants were also found guilty of a willful, deliberate and premeditated murder. The record fully supports the jury's verdict on this count and it shall not be disturbed on appeal. The judgments of conviction are affirmed.