MAYFIELD ALLEN KIPER, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 13326

December 29, 1982                                        655 P.2d 526

---

*Morgan D. Harris,* Public Defender, and *Gary H. Lieberman,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was charged with burglary. At trial, the jury heard testimony from the occupants of a residence that they had been eating breakfast on their front porch when they heard their dog bark. They ran to the back of the house in time to see the appellant rapidly walk out of the bedroom. Upon being asked what he was doing, the appellant replied that he had been looking for ''a little short white guy, Mike, who came in.'' When asked to leave, appellant complied. One of the occupants testified that appellant behaved like ''a perfect gentleman.'' Nothing was taken from the house, and nothing had been disturbed.

Appellant declined to testify at trial. During argument, his attorney conceded that appellant had been in the house but argued that nothing introduced at trial indicated that Kiper entered the house with larcenous intent and that the most appellant was guilty of was criminal trespass. At the conclusion of trial, the defense tendered two trespass instructions and a verdict form on that charge. The district court rejected ''the simple misdemeanor theory'' and did not give the trespass instructions.[1]

During its six-hour deliberation, the jury questioned the court as to whether ''intent was the key issue in the case.'' Ultimately, appellant was found guilty of burglary and sentenced

---

[1]The jury was not instructed on the statutory intent presumption contained in NRS 205.065 as modified by NRS 47.230(2). Hollis v. State, 96 Nev. 207, 606 P.2d 534 (1980).

to six years in prison. This appeal followed, its sole assignment of error being that it was error to deny the proffered instructions on criminal trespass. NRS 207.200. We agree, for the reasons stated below.

In order for the jury to have found appellant guilty of burglary, they had to find that he entered the building with an intent to commit a felony. NRS 205.060(1). Necessarily included in that finding was a determination that appellant entered into the building with the intent to commit an unlawful act. "Thus, a trespass committed by entering into a building with intent to commit an unlawful act is a lesser included offense of burglary." Block v. State, 95 Nev. 933, 936, 604 P.2d 338, 341 (1979). In this case there was evidence that appellant had been in the house, thereby providing an evidentiary basis for a trespass instruction. *Id.; see* Klepar v. State, 92 Nev. 103, 546 P.2d 231 (1976). A review of the record establishes that the defense theory of trespass was reasonable in light of the evidence presented below.

We thus conclude it was error to refuse to instruct the jury as requested. Lisby v. State, 82 Nev. 183, 188, 414 P.2d 592, 595 (1966). *Cf.* Wilmeth v. State, 96 Nev. 403, 610 P.2d 735 (1980) (not error to refuse instruction where state easily met burden of proof on greater charge and it was "questionable" that some elements essential to the lesser charge were shown).

Accordingly, appellant's conviction is reversed and the case remanded for a new trial.