SCOTT VINCENT RULAND, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 15962

December 4, 1986                    728 P.2d 818

*Morgan D. Harris,* Public Defender, *Robert L. Miller,* Deputy, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, *Brad Jerbic,* Deputy, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Ruland was convicted of two crimes, attempted murder and resisting a public officer with the use of a dangerous weapon. The crimes were committed during the execution of a warrant for Ruland's arrest on a charge of murder committed in California.

Police officers entered Ruland's apartment knowing that he was armed. The arresting officers broke into Ruland's apartment. When Ruland saw the officers, he ran into an adjoining room with what the officers thought was a weapon. Ruland shot through the wall into the kitchen where one of the officers was stationed. The bullet lodged in the kitchen refrigerator narrowly missing the officer. After a gun battle Ruland was hit by a police bullet and apprehended.

Ruland's story is that he peered around the wall and saw one of the officers, his weapon was cocked and in hand. Ruland claims that he did not fire his weapon but that it accidentally discharged when he placed it down on a table.

### INSTRUCTION ON LESSER INCLUDED OFFENSES

Ruland claims that the trial court erred in refusing to instruct on a number of lesser included offenses which he believes should have been presented to the jury. These "lesser included" offenses are: (1) assault with a deadly weapon, (2) assault with intent to kill, (3) attempted second degree murder, and (4) resisting a public officer without the use of a dangerous weapon.

1. *The "Lesser Assaults," Assault with a Dangerous Weapon and Assault with Intent to Kill.* The first lesser-included offense instructions which Ruland requested can be characterized as "lesser assaults." An assault with a dangerous weapon or an assault with intent to kill are assaults of a degree and severity less than that of attempted murder.

A defendant in a criminal case is entitled, upon request, to a jury instruction on his or her theory of the case, so long as there is some evidence, no matter how weak or incredible, to support it. Williams v. State, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983); Riddle v. State, 96 Nev. 589, 613 P.2d 1031 (1980); Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965). If a defense theory of the case is supported by some evidence which, if believed, would support a corresponding jury verdict, failure to instruct on that theory totally removes it from the jury's consideration and constitutes reversible error. *Barger v. State,* above. In *Williams, Riddle* and *Barger,* the defendants asked for a jury instruction which was consistent with their defense theory or their version of the facts.

> Where the evidence would not support a finding of guilty of the lesser offense or degree, e.g., where the defendant denies any complicity in the crime charged and thus lays no foundation for any intermediate verdict . . ., the lesser offense is either not proved or shown not to exist. The [requested] instruction is not only unnecessary but is erroneous because it is not pertinent.

Klepar v. State, 92 Nev. 103, 104, 546 P.2d 231, 232 (1976); Lisby v. State, 82 Nev. 183, 187, 414 P.2d 592, 595 (1966); *see* People v. Brown, 281 P.2d 319 (Cal.App. 1955). In *Klepar,* the defendant maintained at trial that he had been invited into a hotel room, yet contended on appeal that the trial court erred by refusing to give his instruction for trespass as a lesser included offense of burglary. This court found no error. 92 Nev. at 104, 546 P.2d at 232.

Other courts have followed the principle that it is not error to refuse to instruct the jury on an issue which was contrary to the defendant's testimony. *Brown,* above. In *Brown,* the defendant consistently denied all activities in aid of another person's escape from arrest. The *Brown* court found that the trial court properly refused Brown's request for jury instructions on "accessory after the fact." Similar to *Brown,* the evidence in the present case might support the giving of an instruction on assault with a dangerous weapon but for the fact that Ruland insists that he

committed no assault of any kind. He claims that the weapon discharged inadvertently and that he was not, by his own word, guilty of any attempt or offer to do bodily harm.[1] Ruland's categorical denial of any criminal assault precludes his claiming any error resulting from the jury's not being instructed as to an assault theory. *Klepar,* above; *Lisby,* above; *Brown,* above.

Assault with intent to kill is a specific intent crime. Ruland denies an assault of any kind and specifically denies that he had any intent to kill the arresting officers. Under these circumstances he cannot complain of the jury's not being instructed in this vein, because the trial court was not required to give instructions concerning a lesser offense where the defense testimony would prove innocence in all of the charges including the assault theories. *State v. McNair,* 687 P.2d 1230 (Ariz. 1984).

2. *Attempted Second Degree Murder.* The indictment charges Ruland with attempted murder. NRS 193.330 makes it a crime to commit an act "done with intent to commit a crime, and tending but failing to accomplish it." The jury here was instructed on the definition of murder, with no distinction being made between first and second degree. The refused instruction is already covered by the instruction given; therefore, no error was committed. *See* State of Nevada v. Loveless, 62 Nev. 312, 228; 150 P.2d 1015 (1944). Also, the statute under which Ruland was charged makes no distinction between first and second degree murder. NRS 193.330.

3. *Resisting a Public Officer Without Use of a Dangerous Weapon.* There is no question that Ruland resisted arrest. By Ruland's own admission, he had a dangerous weapon in his possession at the time the officers entered the premises. NRS 193.165[2] provides for an enhancement of penalty when a dangerous weapon is used. Even if the jury believed Ruland's story that he abandoned any intention to use the weapon when he put it

---

[1]NRS 200.400(1)(a) defines all assault crimes generally:

    1. As used in this section, except in the term "sexual assault":

    a. "Assault" means an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.

[2]NRS 193.165(1) provides:

    1. Any person who uses a firearm or other deadly weapon or a weapon containing or capable of emitting tear gas, whether or not its possession is permitted by NRS 205.375, in the commission of a crime shall be punished by imprisonment in the state prison for a term equal to and in addition to the term of imprisonment prescribed by statute for such crime. The sentence prescribed by this section shall run consecutively with the sentence prescribed by statute for such crime.

down on the table, the jury would still not be precluded from finding that the cocked weapon admittedly in Ruland's hand when the police entered his apartment constituted "use" under the statute. *See* State v. Duckhurst, 99 Nev. 696, 669 P.2d 243 (1983); *see also* Culverson v. State, 95 Nev. 433, 596 P.2d 220 (1979). Thus, under facts most favorable to Ruland, he is still guilty of using a dangerous weapon and not entitled to an instruction deleting the enhancement provision.

## IMPERMISSIBLE PRESUMPTION

Ruland claims that it was error to give the statutory definition of murder because it says that "malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing show an abandoned and malignant heart."

In Ford v. State, 99 Nev. 209, 214, 660 P.2d 992, 995 (1983), a similar objection was made to the following instruction on felony-murder, "There are certain kinds of murder which carry with them conclusive evidence of malice aforethought. One of these classes of murder is murder committed in the perpetration or attempted perpetration of robbery. . . ." This court held, "The instruction in question merely states the law of the felony murder doctrine rather than instructs the jury to find a presumed fact against the accused." 99 Nev. at 215, 660 P.2d at 995.

Similarly, the instruction in the instant case defines implied malice rather than directs the jury to find any presumed fact. Thus, cases cited by appellant are inapposite. Connecticut v. Johnson, 460 U.S. 73 (1983), for example, involved an instruction stating that one is presumed to intend the natural and necessary consequences of his act.

For the above reasons, the convictions of Scott Vincent Ruland are affirmed.