# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

### JULY TERM, 1873.

---

## THE STATE OF NEVADA, RESPONDENT, v. GEORGE KEITH, APPELLANT.

CRIMINAL APPEALS — PRESUMPTIONS IN FAVOR OF INSTRUCTIONS. On appeal in a criminal case, where the testimony is not carried up, it will be presumed that the instructions to the jury were applicable to the proofs, unless it clearly appears that no case could reasonably be imagined in which they would be correct.

PRESUMPTION FROM USE OF DEADLY WEAPON. When a person uses a deadly weapon upon the person of another in a manner likely to produce death, the law presumes an intent to commit murder—as distinguished from what he may have actually accomplished—unless facts are shown sufficient to excuse, mitigate, or justify the act.

ASSAULT WITH INTENT TO COMMIT MURDER. Where on a trial for assault with intent to commit murder the court instructed the jury to convict if it found that defendant made an assault with a deadly weapon upon the person named, about the time charged, and in such manner that the offense would have been murder in the second degree had the assault resulted in death : *Held*, unobjectionable.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

The defendant was indicted for the crime of assault with intent to commit murder by shooting Edward Mitchell with a pistol in Elko County on or about December 25, 1872. He was tried and convicted as charged in the indictment, and afterwards sentenced to incarceration in the State prison for the term of one year. He appealed from the judgment and an order of the court below denying his motion for a new trial. The transcript on appeal did not contain any of the testimony.

*Lucas & Bigelow*, for Appellant.

I.   Where the evidence is not brought up, the court must presume that the instructions given to the jury related to the case before them. *State* v. *Barry*, 31 Cal. 357. And if the charge is wrong under any conceivable state of evidence, the court will presume prejudice to defendant. *People* v. *Long*, 39 Cal. 695.

II.   The first instruction was erroneous, because it asserted that if one uses a deadly weapon, in a manner likely to produce death, it raises a presumption that he is guilty of assault with intent to commit murder. The law does not presume anything of the kind; if there is any presumption, it is that he intended just what he accomplished, and nothing else. If he had killed, then the law might presume he so intended; but when he only held a pistol in his hand, in a careless manner, so as to endanger the life of others, it would be very harsh for the law to presume—first, an assault; second, an intent to do what he did not do, that is, to kill; and, third, malice aforethought; all of which ingredients are necessary to make up the crime of assault with intent to murder. The intent must be proven, either by the circumstances or otherwise. *People* v. *Harris*, 29 Cal. 681; *State* v. *McGinnis*, 6 Nev. 112.

III.   The fourth and fifth instructions properly belong together and are erroneous under any conceivable state of the case.   The fourth asserts that if the assault was made under such circumstances as would have been murder in the second degree if death had been the result, then defendant was guilty of assault with intent to commit murder ; whilst the fifth asserts that it would be murder if one party, after a quarrel, followed the other out of a house and killed him without further provocation.   One person may quarrel with another, follow him out of a house, and kill him unintentionally.   It would not be murder without an intentional killing with malice aforethought, either express or implied; and as the definition of the crime of which defendant was convicted was based on a definition of murder which was erroneously given, it must be presumed that he was injured thereby.

*L. A. Buckner*, Attorney-General, for Respondent.

By the Court, HAWLEY, J.:

It is claimed by appellant that the court below erred in giving four instructions, asked by the prosecution.   There is no evidence in the transcript, and it is contended by appellant that if either of the instructions are erroneous under any conceivable state of evidence, it is the duty of this Court to presume prejudice to defendant.   The true rule is just the reverse.   When no testimony is presented, it is always presumed by appellate courts that the instructions given in the lower court were applicable to the proofs in that particular case; and the instructions should never be declared erroneous unless it clearly appears that no case could reasonably be imagined wherein they would be correct.   *State* v. *Forsha*, 8 Nev. 140; *State* v. *Pierce*, 8 Nev. 302; *People* v. *Long*, 39 Cal. 697.

State v. Keith.

While the phraseology of the instructions might be materially improved, we think that, taken together, they substantially state correct principles of law. The first and third are substantially alike. The third reads as follows: "Upon an indictment for an assault to commit murder, it is the intent to commit murder that constitutes the gist of the offense, and the intent to commit murder must be proven; but the law in the first instance presumes the intent to commit murder to be proven that [when] one person uses a deadly weapon upon the person of another in a manner likely to produce death, unless facts are shown on the trial of the case sufficient to excuse, mitigate, or justify the act."

It is argued by counsel for appellant that no presumptions arise from the use of a deadly weapon except that defendant intended just what he accomplished and nothing else, and that the specific intent must therefore be proved and found. We do not so understand the law. Men often fail in accomplishing their purpose, and it often becomes necessary for the jury to determine from all the circumstances of the case, as shown by the evidence, what was really intended. The law holds the defendant accountable for the natural and probable consequences of his acts, when unlawful, regardless of the question whether he accomplished his purpose or not. Lord Mansfield says that "Where an act, in itself indifferent, becomes criminal if done with a particular intent, there the intent must be proved and found; but where the act is in itself unlawful, the proof of justification or excuse lies on the defendant; and in failure thereof, the law implies a criminal intent." This rule is recognized as correct by all the authorities. 3 Greenleaf Ev. Secs. 13, 14, 18. Applying this rule to the case under consideration, it follows that if the defendant did assault the person named in the indictment, with a deadly weapon, in such a manner as was calculated to produce the death of the person assaulted, the law presumes that such was defendant's intention, and throws

upon him the burden of showing facts in mitigation, justification, or excuse. 1 Greenl. Ev. Secs. 14, 18; Burrill's Ev. 297; *People* v. *Vinegar*, 2 Parker Cr. R. 26; *Wright* v. *State*, 9 Yerger, 342; *People* v. *Bealoba*, 17 Cal. 395.

We think the fourth instruction unobjectionable. By it the jurors were instructed that if they believed from the evidence that the defendant did make an assault upon the person named in the indictment about the time charged, "and in such a manner that had the person so assaulted died from the effects of the assault, the offense would have been murder in the second degree, then they should find the defendant guilty as charged in the indictment."

The fifth is as follows: "If two parties engage in a quarrel in a house, and one party abandon the contest and pass out of the house, and the other party follow him out, and, without any further provocation, kill the first party, the party so killing is guilty of. murder, although the party killed may have been the aggressor in the first instance." The correctness of this instruction would materially depend upon the particular facts of the case. We can readily imagine a case wherein the giving of this instruction would be erroneous. For instance: In a case where the evidence showed there had been a mutual quarrel between the parties, and that defendant had been first assaulted in such a manner as might, in law, be deemed a sufficient provocation to excite an irresistible passion in a reasonable being, then the question whether there had been a sufficient time between the first and second assault for the voice of reason and humanity to be heard, ought properly to be submitted to the jury, to determine whether the offense would be murder or manslaughter. There are cases, also, where it might be a disputed question whether the retreat was made in good faith in order to avoid further struggle, or simply for the purpose of obtaining an undue advantage; in all such cases, it would be necessary to submit this question to the jury.

If such were the facts of this case, appellant ought to have presented the evidence to this Court in a bill of exceptions. Not having done so, we are bound to consider that no such questions of fact existed in the case, and that no error prejudicial to defendant has occurred. *State* v. *Stanley*, 4 Nev. 77; *State* v. *Little*, 6 Nev. 283.

The judgment of the district court is affirmed.