MARY FRANCES ALLEN, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 12496

June 29, 1982                           647 P.2d 389

*William N. Dunseath,* Public Defender; *Michael B. McDonald* and *N. Patrick Flanagan,* Deputy Public Defenders, Washoe County, for Appellant.

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER, Nev. Const., art. 6, § 19; SCR 10.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney; and *Richard F. Cornell* and *Edward B. Horn,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

A jury convicted Mary Frances Allen of attempted second-degree murder for shooting her boyfriend, Roger Griffey. At the time of the shooting, Mary and Roger were transcontinental truck drivers. Mary had accepted employment as Roger's relief driver hoping to improve a two-year relationship marked by Roger's violent outbursts of temper. One of their trips took the couple to "Boomtown," a popular Nevada truckstop, where the incident giving rise to this case occurred.

Upon their arrival, Roger entered Boomtown's casino and commenced to gamble. Mary protested, became distraught, and began to drink heavily. After a time, Roger decided that Mary should stop drinking and escorted her back to the truck, where he beat her severely, breaking her upper dentures. Her

face was badly bruised and cut. Roger then left Mary in the truck and returned to the casino. At trial, Mary testified that she was beaten unconscious.

Approximately four or five hours later, the record indicates Mary returned to consciousness while choking on her dentures, which had become lodged in her throat. Vomiting and crying, she unsuccessfully attempted suicide with an unloaded shotgun. After some difficulty, she loaded the gun and accidentally fired a round through the truck window. The shot aroused friends, sleeping in their truck nearby, who observed Mary's battered face and agitated condition. Immediately thereafter, the record indicates Mary left the truck, and walked into the casino where she shot Roger at close range.

On appeal, Mary contends that it is reversible error for the district court to refuse to give to the jury her requested instruction on attempted voluntary manslaughter. We agree.

Voluntary manslaughter is defined by NRS 200.050 and NRS 200.060.[1] It consists of a killing which is the result of a sudden, violent and irresistible impulse of passion. The law requires that the irresistible impulse of passion be caused by a serious and highly provoking injury, or attempted injury, sufficient to excite such passion in a reasonable person. If there is an interval between the provocation and the killing sufficient for the passion to cool and the voice of reason to be heard, the killing will be punished as murder. NRS 200.060; *see* Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968).

Whether the interval between the provocation and the killing is sufficient for the passions of a reasonable person to cool is not measured exclusively by any precise time. What constitutes a sufficient cooling-off period also depends upon the magnitude of the provocation and the degree to which passions are aroused. People v. Hudson, 390 N.E.2d 5 (Ill.App. 1979).

---

[1]NRS 200.050   Voluntary manslaughter defined.   In cases of voluntary manslaughter, there must be a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing.

NRS 200.060   When killing punished as murder.   The killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for, if there should appear to have been an interval between the assault or provocation given and the killing, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder.

In *Jackson,* cited above, the killing followed a fist-fight occasioned by the defendant's objection to the victim dating the defendant's former wife. After being knocked to the ground, the defendant retrieved a rifle from his automobile, loaded it, and returned to shoot the victim. In light of all the circumstances the district court correctly concluded that the interval between the provocation and the killing provided no basis for finding that the defendant was acting under an irresistible impulse. In the instant case, however, the provocation suffered by Mary is significantly more egregious than the provocation in *Jackson.* Moreover, a jury might well find that Mary, awakening to find herself traumatized by a severe beating, experienced no lapse of time in a way allowing her sense of outrage to cool and permitting reason to prevail. Thus, we cannot say, as a matter of law, that she was not acting under the compulsion of an irresistible impulse of passion when she shot Roger. Whether the interval between the beating and the injury to Roger is sufficient to constitute an adequate cooling-off period is an issue of fact properly decided by the jury. State v. Keith, 9 Nev. 15, 19 (1873). Accordingly, we reverse the judgment and remand to district court for proceedings consistent with this opinion.

Appellant's other claim of error has been considered and is without merit.

MANOUKIAN and SPRINGER, JJ., and ZENOFF, SR. J.,[2] concur.

MOWBRAY, J., dissenting:

I respectfully dissent from the majority decision. In my opinion Allen did not present any evidence that would reduce her crime from attempted murder to attempted manslaughter. A jury instruction on manslaughter as a lesser included offense of murder was unnecessary, and inappropriate. Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966).

Allen's evidence showed that the victim had struck her and knocked her unconscious. After regaining consciousness she attempted to shoot herself, loaded the shotgun and walked from the truck to the casino. She located the victim and shot him at close range.

NRS 200.060 states:

*When killing punished as murder.* The killing must be the

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case. Nev. Const., art. 6, § 19; SCR 10.

result of that sudden, violent impulse of passion supposed to be irresistible; for, if there should appear to have been an interval between the assault or provocation given and the killing, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder.

In the instant case I would hold that the time it took Allen to load the shotgun and locate the victim precluded, as a matter of law, a finding that the attempted killing was the result of a sudden impulse of passion as required by our statute. Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968). I would sustain the district court's decision not to instruct the jury on the law of voluntary manslaughter, and affirm the conviction.