ROBERT Z. WILLIAMS, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 13911

June 22, 1983

665 P.2d 260

*Colucci, Minagil & Aurbach,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of second degree murder for the death of Glenn Sult. The sole issue on appeal is whether the district court erred by refusing to give a requested instruction on voluntary manslaughter, on the ground that no evidence had been presented which, if believed by the jury, would support a manslaughter verdict. We conclude that there was evidence of voluntary manslaughter, that it was error to refuse the instruction, and that the error requires reversal of the judgment.

A defendant in a criminal case is entitled, upon request, to a jury instruction on his or her theory of the case, so long as there is some evidence, no matter how weak or incredible, to support it. Riddle v. State, 96 Nev. 589, 613 P.2d 1031 (1980); Barger v. State, 81 Nev. 548, 407 P.2d 584 (1965). This includes a defense theory that the defendant is guilty of a lesser-included offense, such as manslaughter in the instant case. *See* Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966). Evidence from the defendant alone need not be supported by other independent evidence. *See* Barger v. State, *supra; see also* People v. Gajda, 232 N.E.2d 49, 52-3 (Ill.App.Ct. 1967). If a defense theory of the case is supported by some evidence which, if believed, would support a corresponding jury verdict, failure to instruct on that theory totally removes it from the jury's consideration and constitutes reversible error. Allen v. State, 98 Nev. 354, 647 P.2d 389 (1982); Barger v. State, *supra; see* State v. Smart, 328 S.W.2d 569 (Mo. 1959).

In this case, the prosecution admitted appellant's voluntary post-arrest statement as part of its case in chief. That statement

contains appellant's version of the altercation that led to the death of the victim. Appellant claimed that Sult was an uninvited guest at his home and refused to leave, and that when appellant took Sult's arm and guided him toward the door Sult swung at appellant and a fistfight ensued. Appellant stated that during the fight Sult picked him up and threw him to the floor, immediately after which appellant grabbed a platform shoe from the floor and struck Sult in the back of the head, inflicting the fatal wounds. Although other evidence introduced by the prosecution is consistent with the state's theory of murder, appellant's statement, if believed by the jury, would support a verdict of voluntary manslaughter. Sult's alleged act of picking appellant up and throwing him bodily to the floor would constitute an attempt to commit a serious personal injury, which is sufficient provocation for heat-of-passion voluntary manslaughter within the meaning of NRS 200.050. *See* Jackson v. State, 84 Nev. 203, 438 P.2d 795 (1968) (being knocked to ground considered sufficient provocation; murder verdict upheld because appellant had exhibited acts of deliberation between provocation and homicide, a factor wholly absent from this case). *See also* State v. Smart, *supra. Compare* State v. Fisko, 58 Nev. 65, 70 P.2d 1113 (1937), *overruled on other grounds,* Fox v. State, 73 Nev. 241, 316 P.2d 924 (1957) (physical assault minor and of fleeting duration, amounting to little more than slight battery).

The district court's failure to instruct the jury on voluntary manslaughter totally removed that theory of the defense case from its consideration. As such, the error requires reversal of the judgment. *See* Allen v. State, *supra.*

The judgment is reversed and the case is remanded for a new trial.