**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENISE DIANNA BUCHANAN, | No. 09-16578 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00340-LRH-RAM |
| v. | |
| SHERYL FOSTER, Warden; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted July 13, 2010
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and TODD, Senior
District Judge.[**]

Denise Dianna Buchanan appeals the district court's denial of her petition

for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28

U.S.C. §§ 1291 and 2253. The parties are familiar with the facts of the case, so we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James Dale Todd, Senior United States District Judge for the Western District of Tennessee, sitting by designation.

repeat them here only to the extent necessary to explain our decision. We review

de novo the district court's denial of the habeas petition, *see Koerner v. Grigas*,

328 F.3d 1039, 1045 (9th Cir. 2003), and we affirm.

Buchanan's petition is governed by the Anti-Terrorism and Effective Death

Penalty Act of 1996 (AEDPA). Under AEDPA, a state prisoner is entitled to relief

if the state court adjudication of a claim led to "a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States" or "that was based on an

unreasonable determination of the facts in light of the evidence presented in the

State court proceeding." 28 U.S.C. § 2254(d)(1), (2). "The relevant state court

determination for purposes of AEDPA review is the last reasoned state court

decision." *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008). Here, we

review the Nevada Supreme Court's decision to determine whether habeas relief is

available under AEDPA.

Buchanan alleges that the state trial court's jury instruction on the definition

of first-degree murder, which first appeared in *Kazalyn v. State*, 825 P.2d 578

(Nev. 1992), deprived Buchanan of due process by relieving the state of its burden

to prove that the killing of her sons was both deliberate and premeditated.

Assuming the jury instruction error constituted a violation of Buchanan's due

process rights, Buchanan is not entitled to relief unless she can show that "'the error had a substantial and injurious effect or influence in determining the jury's verdict.'" *Polk v. Sandoval*, 503 F.3d 903, 911 (9th Cir. 2007) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A "substantial and injurious effect" exists when there is a "reasonable probability" that the jury would have arrived at a different verdict had the proper instruction been given.  *See Clark v. Brown*, 450 F.3d 898, 916 (9th Cir. 2006).

In Nevada, the element of deliberation requires "a dispassionate weighing process and consideration of consequences before acting."  *Byford v. State*, 994 P.2d 700, 714 (Nev. 2000).  "Circumstantial evidence may be considered and provide sufficient evidence to infer" the element of deliberation.  *Leonard v. State*, 17 P.3d 397, 411 (Nev. 2001).

The evidence of deliberation regarding these two crimes renders any jury instruction error here harmless.  Three of Buchanan's very young children died under similar circumstances over a five-year period, and the jury reasonably rejected Buchanan's defense in concluding that the latter two deaths were not natural.  The jury heard three different forensic pathologists testify that the probable manner of death was asphyxiation by suffocation.  The county coroner testified of the statistical improbability or impossibility that John and Jacob died of

3

SIDS. The jury heard testimony that the apnea monitors of both John and Jacob were turned off when they died. There were inconsistencies in Buchanan's recitation of the events surrounding the deaths of John and Jacob. For example, after Jacob's death, Buchanan told the police that she had turned off Jacob's monitor around 7 a.m., but the monitor's internal record indicated that it had been turned off at 3:56 a.m. Numerous witnesses testified of Buchanan's lack of remorse in the aftermath of her children's deaths. In light of the evidence presented at trial, we conclude that the state court's decision that the *Kazalyn* instruction error was harmless was neither contrary to nor an unreasonable application of Supreme Court harmless error precedent. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1059 (9th Cir. 2005).

Buchanan also presented two uncertified issues in her opening brief, alleging that there was insufficient evidence to sustain her conviction beyond a reasonable doubt and that the prosecution in bad faith destroyed exculpatory evidence. We deny Buchanan's request to expand the certificate of appealability because she has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED**.