**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD ARTHUR WINFREY, | No. 08-17224 |
| Petitioner - Appellant, | D.C. No. 3:05-cv-00530-KJD-VPC |
| v. | |
| E.K. MCDANIEL, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

Petitioner-Appellant Leonard Arthur Winfrey appeals the district court's

denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for one

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

count of conspiracy to commit murder and two counts of murder with a deadly

weapon. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

## I.

Winfrey argues that the trial court's jury instructions on aiding and abetting

liability violated his federal right to due process of law by failing to set forth the

specific intent element required under state law. All of the claims raised in

Winfrey's second state habeas petition—those that were new and those that were

previously presented—were untimely and subject to the State of Nevada's laches

defense. We have previously concluded that the Nevada Supreme Court has

consistently applied its procedural rules prohibiting the review of an untimely post-

conviction petition absent a petitioner's showing of cause and prejudice. *Loveland*

*v. Hatcher*, 231 F.3d 640, 642–43 (9th Cir. 2000); *Moran v. McDaniel*, 80 F.3d

1261, 1268–70 (9th Cir. 1996). We therefore conclude that the Nevada Supreme

Court clearly and expressly relied on independent and adequate state grounds for

dismissal. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

We further conclude that Winfrey cannot overcome the procedural default

bar. He showed neither cause and prejudice, nor that a fundamental miscarriage of

---

[1] We decline to take judicial notice *sua sponte* of documents related to Winfrey's third state habeas petition that were not part of the district court's record. Fed. R. App. P. 10(a).

justice would result from our refusal to consider this claim. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). Accordingly, Winfrey procedurally defaulted this claim by failing to raise it on direct appeal or in his first state habeas petition.

**II.**

Winfrey also argues that the trial court violated his federal right to due process of law by omitting the element of deliberation from the jury instructions for first-degree murder. As the government conceded during oral argument, Winfrey fairly presented the federal basis for this claim on direct appeal. Winfrey accordingly exhausted this claim. *Greenway v. Schriro*, 653 F.3d 790, 801 (9th Cir. 2011).

Under Nevada law, a "willful, deliberate and premeditated killing" is first-degree murder. Nev. Rev. Stat. § 200.030(1)(a). We have held that Nevada's prior first-degree murder instruction, which was known as the *Kazalyn* instruction,[2] "is clearly defective because it relieved the state of the burden of proof on whether the killing was deliberate as well as premeditated." *Polk v. Sandoval*, 503 F.3d 903, 910 (9th Cir. 2007); *see also Chambers v. McDaniel*, 549 F.3d 1191, 1199, 1201 (9th Cir. 2008) (holding that the *Kazalyn* instruction deprived the petitioner of his

---

[2] This instruction first appeared in *Kazalyn v. State*, 825 P.2d 578, 583 (Nev. 1992).

3

federal right to due process of law by permitting a conviction for first-degree murder without requiring that the jury find beyond a reasonable doubt that the killing was willful, deliberate, and premeditated).[3]

The government contends that *Polk* and *Chambers* are questionable authority following the Nevada Supreme Court's decision in *Nika v. State*, 198 P.3d 839 (Nev. 2008). Regardless of how the Nevada Supreme Court interprets its own criminal statutes, we must consider the separate issue of whether the state criminal statutes, or the jury instructions applying those statutes to specific offenses, contravene federal law. Based on our precedent, we conclude the *Kazalyn* instruction deprived Winfrey of due process of law by eliminating the element of deliberation from the jury instructions for first-degree murder.

We further conclude, however, that the instructional error as it applied to Winfrey was harmless. *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); *Valerio v. Crawford*, 306 F.3d 742, 762 (9th Cir. 2002) (en banc). The evidence presented at trial supported a finding of deliberation. *Byford v. State*, 994 P.2d 700, 714 (Nev. 2000) (defining deliberation as "the process of determining upon a course of action to kill as a result of thought, including weighing the reasons for and against

---

[3] We grant amicus curiae's request that we take judicial notice of court records in *Polk* and *Chambers*.

4

the action and considering the consequences of the action."). Winfrey and his co-conspirator, Travers Arthur Greene, observed a Volkswagen in a deserted area. Winfrey followed Greene's instructions to stop the car near the Volkswagen and leave the lights on. Greene got out of the car with a mini-14 assault rifle, walked over to the Volkswagen, and immediately shot the first victim, who was lying beside the Volkswagen. Winfrey, having heard the gunshot, drove closer to the Volkswagen. He then jumped out of the car carrying a .380 handgun. Winfrey approached the Volkswagen with the gun, stood next to Greene, listened to the second victim beg for her life, aimed his gun toward the couple, and pulled the trigger of his gun. Although his gun jammed, the evidence demonstrates that Winfrey pointed his gun at the victims when he pulled the trigger. Greene then shot and killed the second victim. As Winfrey drove Greene away from the scene, the two men callously mocked the victims' appearances after they had been killed. Winfrey then accompanied Greene to clean the murder weapon. The following day, Winfrey told a friend that he had wanted to kill the second victim but his gun malfunctioned.

But for that malfunction, the evidence supports the finding that Winfrey would have killed the second victim. The evidence also shows that Winfrey decided to try to kill the second victim, attempted to follow-through with his

decision, and later expressed disappointment that he did not get to kill the victim. Thus, although we hold that the *Kazalyn* instruction violated Winfrey's due process rights, the error was harmless due to the ample evidence of deliberation in this case.

## III.

In addition to the two certified issues, Winfrey raises an uncertified issue as to whether sufficient evidence supported his conviction for one count of conspiracy to commit murder and two counts of murder with a deadly weapon. We construe the presentation of an uncertified issue on appeal as a motion to expand the certificate of appealability (COA). 9th Cir. R. 22-1(e). Because we conclude that Winfrey has failed to show the denial of a constitutional right, we deny Winfrey's motion to expand the COA. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a petitioner satisfies the relevant standard by showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks omitted)).

**AFFIRMED.**

6