**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

MAR 25 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS K. KIEREN, JR., | No. 11-17915 |
| Petitioner - Appellee, | D.C. No. 3:07 cv-0341-LRH |
| v. | |
| STATE OF NEVADA ATTORNEY GENERAL; ROBERT LeGRAND, Warden, | MEMORANDUM[*] |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before:    FARRIS, TASHIMA, and McKEOWN, Circuit Judges.

The State of Nevada appeals the judgment of the district court granting

Dennis Kieren's petition for a writ of habeas corpus. Reviewing the district court's

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

grant of the petition *de novo*, *McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008), we affirm.

**1.** Kieren exhausted his Fifth and Fourteenth Amendments due process claim. Neither of the State's arguments to the contrary convinces us otherwise. First, a claim may be exhausted even if it is cited in only a reply brief. *Cf. Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) (per curiam) (holding exhausted a claim raised only in an appendix to a petition for review). Although the state court could have deemed Kieren's claim waived under Nevada Rules of Appellate Procedure 28(c), it did not. Second, Kieren fairly presented his fair trial due process claim by citing "his right to a fair trial guaranteed by the Sixth Amendment." The due process fair trial right and the Sixth Amendment fair trial right are closely intertwined. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). And, under the facts of this case, due process and Sixth Amendment fair trial challenges are "substantial[ly] equivalent." *Picard v. Connor*, 404 U.S. 270, 278 (1971). Kieren's "fair trial" claim therefore allowed the state court an adequate "opportunity to pass upon and correct" the constitutionally erroneous use of the *Kazalyn* first degree murder jury instruction at Kieren's trial. *Id.* at 275 (internal quotation marks omitted).

**2.** *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013), decided while this appeal was pending, resolves the bulk of Kieren's appeal. *Cf. Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court."). Kieren's case was still pending on direct appeal when the Nevada Supreme Court decided *Byford v. State*, 994 P.2d 700 (Nev. 2000). Therefore, under *Babb*, the failure to apply the new *Byford* instruction in Kieren's case was an unreasonable application of clearly established federal law. *Babb*, 719 F.3d at 1032-33; *see also* 28 U.S.C. § 2254(d)(1).

**3.** We cannot say that the error was harmless. Kieren argued two theories at trial – provocation and self-defense – that plausibly undermine the conclusion that Kieren acted "with coolness and reflection" after "a dispassionate weighing process." *Byford*, 994 P.2d at 714 (internal quotation marks omitted); *see also id.* ("[A deliberate] determination must not be formed in passion, or if formed in passion, it must be carried out after there has been time for the passion to subside and deliberation to occur."). As to provocation, we have declined to hold *Kazalyn* errors to be harmless where killings followed "heated" arguments or physical confrontations. *Chambers v. McDaniel*, 549 F.3d 1191, 1193, 1200-01 (9th Cir. 2008); *see also Polk v. Sandoval*, 503 F.3d 903, 912 (9th Cir. 2007), *abrogated on*

3

*other grounds as recognized in Babb*, 719 F.3d at 1028-30. The evidence of deliberation in this case is generally weaker than in other cases in which *Kazalyn* errors were found harmless. *See, e.g.*, *Winfrey v. McDaniel*, 487 F. App'x 331, 333 (9th Cir. 2012); *Buchanan v. Foster*, 388 F. App'x 723, 725 (9th Cir. 2010); *Evans v. State*, 28 P.3d 498, 521 (Nev. 2001). And the violence of the Kieren/Broyles confrontation, as well as evidence of Kieren's continued passion, suggests that Kieren had insufficient time to cool before killing Broyles. *Cf. Valdez v. State*, 196 P.3d 465, 481 (Nev. 2008) (en banc); *Allen v. State*, 647 P.2d 389, 391 (Nev. 1982). As to self-defense, the jury could have plausibly credited Kieren's (albeit disputed) testimony that he acted in self-defense. Although the jury rejected a *complete* self-defense theory, the theory could have negated or mitigated elements of the first degree murder *mens rea* requirement, reducing the degree of Kieren's conviction. *See Martin v. Ohio*, 480 U.S. 228, 234 (1987); *Leonard v. State*, 958 P.2d 1220, 1228 (Nev. 1998).

The *Kazalyn* error "went to the very heart of the case," because Kieren's state of mind was the main issue at trial. *Chambers*, 549 F.3d at 1200. Under these facts, we, like the district court, are left in "grave doubt" as to the harmless of the instructional error. *Babb*, 719 F.3d at 1033 (quoting *O'Neal v. McAninch*, 513 U.S. 432, 437 (1995)). There is a "reasonable probability" that the trial court's use

4

of the *Kazalyn* instruction "had [a] substantial and injurious effect or influence in determining the jury's verdict." *Id.* (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)) (internal quotation marks omitted).

The judgment of the district court is **AFFIRMED**.

5