## 132 Nev., Advance Opinion 67

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES DAEVON MANNING,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65856



FILED

SEP 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of battery with intent to commit a crime. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

*Reversed and remanded.*

Philip J. Kohn, Public Defender, and William M. Waters, Deputy Public Defender, Clark County,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Steven S. Owens, Chief Deputy District Attorney, and Ofelia L. Monje, Deputy District Attorney, Clark County,
for Respondent.

BEFORE THE COURT EN BANC.[1]

_____

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

In this case, we are asked to determine whether appellant requested a lesser-included-offense instruction at trial and, if so, whether the district court erred in failing to provide the jury with such an instruction. We hold that appellant sufficiently requested an instruction on battery as a lesser-included offense of battery with intent to commit a crime and that the district court erred in denying appellant's request. Therefore, we reverse the judgment of conviction and remand for a new trial. Furthermore, although a district court may settle jury instructions in chambers pursuant to NRS 175.161(6), we advise the district courts to solicit written copies of proposed instructions in order to ensure a clear record on appeal.

*FACTS*

On March 29, 2013, appellant James Manning caused 62-year-old Thor Berg to fall down on a crowded bus. The details of this incident were disputed: Berg testified that he had felt a hand reach into his right pocket, and that a knee was pushed against the back of his leg; Manning admitted that he had walked past Berg "rough," which caused Berg to fall, but claimed that he did not take anything from Berg or reach into Berg's pocket. Nonetheless, the contents of Berg's pocket went missing, including his identification, casino player's cards, and a small amount of cash. The State charged Manning with robbery, victim 60 years of age or older, and battery with intent to commit a crime (robbery).

In settling jury instructions, the district court asked defense counsel if she had any instructions the court was declining to give to the jury that she wanted marked as court exhibits. The following exchange took place:

SUPREME COURT
OF
NEVADA

(O) 1947A

2

MS. PENSABENE: the last one your Honor, the last issue is that we had asked for a lesser included in this case. We are of the belief, based on the testimony of Mr. Berg and Ms. Borley's testimony it shows that the battery in this case is the force required in the robbery. We'd like that also included.

THE COURT: The previous discussion we had on that was if I recall correctly I said that it may be that you can argue if he gets convicted of both crimes that the battery was subsumed into the force necessary to commit the robbery. I don't think that makes the battery a lesser included offen[s]e. It just make[s] the defense apply the alternative.

So they can only adjudicate him on one or the other. So I'm very open to having that discussion if they convict. I think the State is entitled to put both charges forward. If the jury returns a verdict as to both, we'll speak about sentencing and adjudication. It may be he gets adjudicated on one.

After a three-day trial, the jury found Manning not guilty of robbery and guilty of battery with intent to commit a crime (robbery). Manning now appeals the judgment of conviction.

## DISCUSSION

Manning argues, inter alia, that he requested an instruction on battery as a lesser-included offense of battery with intent to commit a crime, and that the district court erred when it failed to give the instruction. We agree. "The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005).

We take this opportunity to stress that a district court should solicit written copies of a party's proposed instructions when settling jury

 

instructions. The above dialogue was the only information preserved regarding Manning's attempt to receive a lesser-included-offense instruction. The district court did ask for a written copy of some of Manning's rejected instructions, and Manning filed a document titled "Defendant's Proposed Jury Instructions Not Used At Trial." However, the district court did not ask for a written copy of Manning's lesser-included-offense instruction, and Manning did not include the relevant instruction in his filing with the district court. Therefore, we must attempt to identify the nature of Manning's request from the context in which it was made.

Manning was charged with robbery and battery with intent to commit a crime. It is clear from the record that Manning sought an instruction on battery, and that Manning believed he was seeking a lesser-included-offense instruction. In addition, the parties concede that battery is not a lesser-included offense of robbery.[2] Therefore, Manning's request can reasonably be understood as a request for an instruction on battery as a lesser-included offense of battery with intent to commit a crime, despite the apparent confusion surrounding Manning's request.[3]

---

[2]See *Barton v. State*, 117 Nev. 686, 694, 30 P.3d 1103, 1108 (2001) (defining a lesser-included offense as an offense whose elements are "an entirely included subset of the elements of the charged offense," such that the charged offense cannot be committed without also committing the lesser offense), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 1266 & n.22, 1269, 147 P.3d 1101, 1107 & n.22, 1109 (2006); *see also* NRS 200.380(1) (defining robbery in part as "the unlawful taking of personal property from the person of another . . . by means of force or violence or fear of injury, immediate or future, to his or her person or property"); NRS 200.481(1)(a) (defining battery as "any willful and unlawful use of force or violence upon the person of another").

[3]It appears the district court understood Manning's concern as one regarding the possibility of redundant convictions. We also note that

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

Furthermore, we hold that the district court committed judicial error in failing to provide the battery instruction. NRS 175.501 states in part that a "defendant may be found guilty . . . of an offense necessarily included in the offense charged." Accordingly, this court has held that "a defendant is entitled to a jury instruction on a lesser-included offense if there is any evidence at all, however slight, on any reasonable theory of the case under which the defendant might be convicted of that offense." *Rosas*, 122 Nev. at 1264-65, 147 P.3d at 1106 (internal quotation marks omitted).

Although a defendant need not demonstrate that a requested lesser-included-offense instruction would be consistent with his or her testimony or theory of defense, *id.* at 1269, 147 P.3d at 1109, here, a battery instruction would have been entirely consistent with Manning's theory of defense. At trial, Manning admitted that he made physical contact with Berg when he walked "past him rough," and that Berg fell as a result. However, Manning denied attempting to take anything from Berg's pocket. Likewise, defense counsel argued in closing that Manning "pushed into the old man," and that doing so "was really rude," but that Manning never attempted to take any of Berg's possessions. Given Manning's testimony, there was some evidence, however slight, to support the theory that Manning committed a simple battery. *See Williams v. State*, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983) ("Evidence from the defendant alone need not be supported by other independent evidence.").

Therefore, we hold that Manning was entitled to an instruction on battery as a lesser-included offense of battery with intent to commit a

---

...*continued*

defense counsel failed to correct the district court's misapprehension. Nonetheless, Manning clearly articulated a request for a lesser-included-offense instruction, and the district court should have addressed it as such.

crime, and that the district court erred in declining to give such an instruction. Furthermore, we reject the State's argument that the district court's error was harmless. *See McCraney v. State*, 110 Nev. 250, 255, 871 P.2d 922, 925 (1994) ("Failure to instruct the jury on a theory of the case supported by the evidence presented is reversible error."); *see also Williams*, 99 Nev. at 531, 665 P.2d at 261 ("If a defense theory of the case is supported by some evidence which, if believed, would support a corresponding jury verdict, failure to instruct on that theory totally removes it from the jury's consideration and constitutes reversible error."). Accordingly, we reverse Manning's judgment of conviction and remand the matter for a new trial.[4]

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[4]Because we reverse Manning's conviction on this ground, we need not address his remaining arguments. *See Manuela H. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 1, 365 P.3d 497, 502 n.4 (2016).