# IN THE SUPREME COURT OF THE STATE OF NEVADA

TROY RICHARD WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68632

FILED

APR 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of second-degree murder with the use of a deadly weapon, attempted murder with the use of a deadly weapon, carrying a concealed firearm or other deadly weapon, and five counts of child abuse, neglect, or endangerment. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Troy White (White) and his wife Echo Lucas-White (Lucas) became estranged. During this time, Lucas remained in the home with the children and White became aware that Lucas began romantically seeing a mutual friend, Joseph Averman. One afternoon, White arrived at the home and requested to speak with Lucas. After the discussion escalated, he shot and killed Lucas. He then shot Averman two or three times, but Averman survived. White fled to Arizona, where he turned himself in without conflict.

At trial, the State introduced over 100 text messages between White and Lucas to demonstrate White's intent to kill. White sought to rebut those messages by introducing two voicemails that he had left for Lucas on the day of the shooting. The district court excluded the voicemails as cumulative hearsay.

17-13881

White also proffered a jury instruction pertaining to whether provocation for heat of passion may occur over time. The district court rejected the instruction because it did not accurately state Nevada law. Instead, the district court offered standard voluntary manslaughter instructions. White was found guilty on all charges and is serving an aggregate sentence of life in prison with the possibility of parole after 31 years.

## DISCUSSION

*The district court abused its discretion when it excluded White's voice messages, but its error was harmless.*

White argues that the district court was wrong to exclude the voicemails because they qualify under NRS 51.105's hearsay exception for proving one's state of mind and that his state of mind was the ultimate issue at trial.[1] We agree with White, but conclude that the district court's error was harmless due to the jury reading over 100 text messages that White sent Lucas leading up to the shooting.

*White's voicemails fall within the state of mind exception to the rule against hearsay.*

This court reviews a district court's decision to admit evidence for an abuse of discretion. *Hernandez v. State*, 124 Nev. 639, 646, 188 P.3d 1126, 1131 (2008).

Any statement "offered in evidence to prove the truth of the matter asserted" is considered hearsay unless it meets certain exemptions.

---

[1]White also argues that the voicemails should have been admitted under NRS 47.120(1), also known as the rule of completeness. We have considered White's argument and conclude that it is not supported by Nevada law because the rule of completeness applies only to individual writings or recorded statements and the State did not introduce any partial writings or recorded statements.



NRS 51.035. Hearsay is generally inadmissible. NRS 51.065(1). "A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain and bodily health, is not inadmissible under the hearsay rule." NRS 51.105(1); *see also Weber v. State*, 121 Nev. 554, 579, 119 P.3d 107, 124 (2005) (providing that a victim's statements made prior to her death reflected her state of mind and were relevant as to why the defendant killed her).

Assuming White's statements on the voicemails were offered for their truth, they were demonstrative of his state of mind, which was the only unresolved issue at trial.[2] The statements were therefore admissible to show White's state of mind prior to the killing, even if they would have been inadmissible hearsay otherwise. Accordingly, we conclude that the voicemails satisfied NRS 51.105's exception to the hearsay rule and the district court abused its discretion by excluding the statements.

*The district court's error was harmless.*

"Evidence against the defendant must be substantial enough to convict him in an otherwise fair trial, and it must be said without reservation that the verdict would have been the same in the absence of error." *Weber*, 121 Nev. at 579, 119 P.3d at 124 (internal quotation marks omitted). In *Weber*, we concluded that hearsay testimony that should have been inadmissible was harmless towards the final verdict. *Id.* The primary reason given was that most of the evidence provided in that

_____

[2]If the statements were not offered for their truth, then they were simply not hearsay and should have been admitted. NRS 51.035(1).

testimony was also provided via other admitted sources. *Id.* at 579-80, 119 P.3d at 124.

Here, rather than erroneously admitting hearsay, the district court erred in excluding evidence within the state of mind exception to the hearsay rule. Like in *Weber*, however, most, if not all, of the probative value of the voicemails was also presented to the jury in the form of the over 100 text messages admitted into evidence. Moreover, the excluded voicemails were contemporaneous with the admitted text messages. Because the admitted evidence clearly showed both a desire to reconcile with Lucas and extreme rage towards her, and because the jury heard evidence that White arrived at the home in a calm mental state, we conclude that any error in excluding the voicemails was harmless. Accordingly, we affirm the judgment of conviction despite the error.

*The district court did not abuse its discretion when it declined to give White's jury instructions about prolonged provocation.*

White argues that the provocation that led to his claimed heat of passion took place over many days and weeks before the shooting, and the district court erred by not instructing the jury that a prolonged provocation may suffice to cause the requisite heat of passion. The State argues that no Nevada authority directly supported White's proposed instruction and that the district court properly rejected it in favor of instructions consistent with NRS 200.040-200.060. We agree with the State.

"District courts have broad discretion to settle jury instructions." *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008). We typically review a district court's decision to reject an instruction for an abuse of discretion or judicial error. *Id.* "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or

if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). We, however, review whether a particular instruction is a correct statement of law de novo. *Cortinas*, 124 Nev. at 1019, 195 P.3d at 319.

NRS 200.040 provides the following definitions of manslaughter:

> 1. Manslaughter is the unlawful killing of a human being, without malice express or implied, and without any mixture of deliberation.

> 2. Manslaughter must be voluntary, upon a sudden heat of passion, caused by a provocation apparently sufficient to make the passion irresistible . . . .

Moreover, the provocation must be "sufficient to excite an irresistible passion in a reasonable person." NRS 200.050. Finally, and most pertinently, an interval "sufficient for the voice of reason and humanity to be heard" between the provocation and the killing defeats a claim of heat of passion and requires the killing to be punished as murder. NRS 200.060. The interval of time is not fixed but depends upon the gravity of the alleged provocation. *Allen v. State*, 98 Nev. 354, 356, 647 P.2d 389, 391 (1982).

In this case, the district court instructed the jury using language identical to that found in NRS 200.040 and NRS 200.050. Accordingly, the district court did not abuse its discretion when it instructed the jury as to exact language of the applicable statute.

White's argument regarding prolonged provocation is not only unsupported, it conflicts with NRS 200.060's requirement that an interval sufficient to allow a cooler head to prevail between the alleged provocation and the killing requires a finding of murder rather than manslaughter.

The facts of this case show that although White had been separated from his family for weeks and was aware that Lucas had been romantically seeing Averman, he balanced his anger with calmness and requests to reconcile. Moreover, the evidence showed that White was calm, cool, and collected when he arrived at the home with a loaded weapon on the day of the shooting. Therefore, any alleged prolonged provocation before his arrival at the home was defeated by his cool head when he arrived.

We conclude that White's proposed instruction was not an accurate statement of law, therefore, the district court properly rejected it in favor of instructions that essentially quote the applicable statutes regarding voluntary manslaughter. Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

