# IN THE SUPREME COURT OF THE STATE OF NEVADA

DARION MUHAMMAD-COLEMAN,
A/K/A DARION
MUHAMMADCOLEMAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72867

**FILED**

JUL 03 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first degree murder with use of a deadly weapon, battery with use of a deadly weapon, conspiracy to violate Uniform Controlled Substances Act, and attempt to possess controlled substance. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In April 2013, appellant Darion Muhammad-Coleman was involved in an altercation and shooting with a drug dealer, Dale Borero, in which Borero was fatally shot. Appellant was charged and convicted of first-degree murder with use of a deadly weapon, battery with use of a deadly weapon, conspiracy to violate the Uniform Controlled Substances Act, and attempt to possess controlled substance. Appellant now appeals, arguing that (1) the district court erred by denying his motion for a continuance of the trial date, (2) there is insufficient evidence to sustain his first-degree murder conviction, and (3) the district court erred by denying his request for a lesser-included voluntary manslaughter jury instruction. We conclude these arguments lack merit and therefore affirm.

*The district court did not abuse its discretion by denying appellant's motion for a continuance of trial*

Appellant argues that the district court abused its discretion in denying his request for a trial continuance. We disagree.

18-25186

"This court reviews the district court's decision regarding a motion for continuance for an abuse of discretion." *Rose v. State*, 123 Nev. 194, 206, 163 P.3d 408, 416 (2007). "Each case turns on its own particular facts, and much weight is given to the reasons offered to the trial judge at the time the request for a continuance is made." *Higgs v. State*, 126 Nev. 1, 9, 222 P.3d 648, 653 (2010). "[W]hen a defendant fails to demonstrate that he was prejudiced by the denial of a continuance, the district court's decision denying a continuance is not an abuse of discretion." *Rose*, 123 Nev. at 206, 163 P.3d at 416.

Between 2013 and 2016, appellant's trial date was continued on six occasions and he was evaluated for competency by five separate mental health professionals. Approximately one month before the January 2017, trial date, appellant requested another continuance of trial in order to complete a psychological evaluation for post-traumatic stress disorder (PTSD). Appellant alleged that such an evaluation was necessary to present his self-defense theory. Following a hearing, the district court denied appellant's motion and stated:

> It appears that there has been adequate evaluation of the defendant's mental health history; and while I understand there may not have been a direct investigation of the PTSD element, there have clearly been lengthy examinations of the defendant's mental health history.

Appellant now argues the district court erred in denying his motion because (1) PTSD was not the focus of the five previous psychological examinations, and (2) he did not tell counsel that he was suffering from PTSD until November 2016. However, defense counsel had been counsel of record since December 2014. Thus, appellant waited nearly two years before suggesting to counsel that he suffered from PTSD. *See Mulder v.*

(O) 1947A

*State*, 116 Nev. 1, 9-10, 992 P.2d 845, 850-51 (2000) (upholding a district court's denial of a motion to continue in part because the delay was "attributable" to the defendant). Next, although PTSD was not the "focus" of the first five psychological evaluations, appellant does not argue that the evaluating mental health professionals were not qualified or otherwise capable of recognizing and diagnosing PTSD. Accordingly, we conclude the circumstances presented to the district court did not warrant a continuance of trial, and therefore, the district court did not abuse its discretion. *See Higgs*, 126 Nev. at 9, 222 P.3d at 653.

*Sufficient evidence was presented at trial to sustain appellant's first-degree murder conviction*

Appellant argues that there is insufficient evidence that he acted willingly, with deliberation and premeditation, to sustain his first-degree murder conviction. We disagree.

"In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Guitron v. State*, 131 Nev. 215, 221, 350 P.3d 93, 97 (2015) (internal quotation marks omitted). "[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses." *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (internal quotation marks omitted) (alteration in original).

Murder perpetrated by a "willful, deliberate and premeditated killing" is first-degree murder. NRS 200.030(1)(a).

> Willfulness is the intent to kill . . . . Deliberation is the process of determining upon a course of action to kill as a result of thought, including weighing the reasons for and against the action and considering

the consequences of the action . . . . Premeditation is a design, a determination to kill, distinctly formed in the mind by the time of the killing.

*Byford v. State,* 116 Nev. 215, 236-37, 994 P.2d 700, 714 (2000). "Circumstantial evidence may be considered and provide sufficient evidence to infer" premeditation and deliberation. *Leonard v. State,* 117 Nev. 53, 75, 17 P.3d 397, 411 (2001).

The State's theory of the case was that appellant planned to shoot Borero and take the money and methamphetamine found on Borero's body.[1] The jury was shown video surveillance of the shooting, which the State argued showed appellant sneaking up on Borero, pointing the gun at Borero's head, and waiting for potential witnesses to leave the scene before shooting Borero. The jury also heard testimony from the lead detective on the case that the physical evidence at the scene suggested that appellant fired the first shot. Further, the jury heard testimony from appellant that he (1) pulled his gun out as he walked toward Borero, (2) pointed the gun at Borero's head, and (3) struck Borero in the head with the gun before Borero ever pulled out his own gun. Viewing the evidence in the light most favorable to the State, we conclude that a rational juror could find that appellant acted willfully, deliberately and with premeditation when he shot Borero. *See Guitron,* 131 Nev. at 221, 350 P.3d at 97.

*The district court did not abuse its discretion by denying appellant's request for a voluntary manslaughter jury instruction*

Appellant next argues that the district court abused its discretion by denying his request for a jury instruction on voluntary manslaughter as a lesser-included offense. We disagree.

---

[1]Borero had 7 grams of methamphetamine in his hand and $3,000 in his pocket when he was shot.

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). A defendant "is entitled to a jury instruction on a lesser-included offense if there is any evidence at all . . . under which the defendant might be convicted of that offense." *Rosas v. State*, 122 Nev. 1258, 1264-65, 147 P.3d 1101, 1106 (2006), *abrogated on other grounds by Alotaibi v. State*, 133 Nev., Adv. Op. 81, 404 P.3d 761 (2017) (internal quotation marks omitted).

In Nevada, voluntary manslaughter is a lesser-included offense of murder. *See Williams v. State*, 99 Nev. 530, 531, 665 P.2d 260, 261 (1983). Voluntary manslaughter occurs when there is "a serious and highly provoking injury inflicted upon the person killing, sufficient to excite an irresistible passion in a reasonable person, or an attempt by the person killed to commit a serious personal injury on the person killing." NRS 200.050(1). Further,

> [t]he killing must be the result of that sudden, violent impulse of passion supposed to be irresistible; for, if there should appear to have been an interval between the assault or provocation given and the killing, sufficient for the voice of reason and humanity to be heard, the killing shall be attributed to deliberate revenge and punished as murder.

NRS 200.060.

While settling jury instructions, appellant requested that the court instruct the jury on voluntary manslaughter as a lesser-included

offense.[2] The State objected, arguing that no evidence had been presented to suggest that appellant acted in the heat of passion, and therefore, a voluntary manslaughter instruction was inappropriate. The district court agreed and sustained the State's objection, stating:

> I don't think there's anything that justifies a voluntary manslaughter [instruction]. I mean, it's – even within the first or second degree or if he has a complete self-defense argument that the jury buys, then it's an acquittal. But I don't think – even though homicide gets broken down into all those, *absent some evidence to support it*, we don't just throw them all in there. And in this case *I don't really think there's any evidence to support voluntary manslaughter.*

(Emphases added.)

We conclude that the district court did not abuse its discretion in denying appellant's request. The evidence of provocation and passion that appellant relies on consists of his testimony that Borero threatened to shoot him. Appellant also testified that after Borero allegedly threatened to shoot him, his "first thought was, man, you should just go get back in this car." Rather than getting in the car, however, appellant approached Borero and pulled out his gun. Appellant testified that his intent in pulling his gun out was "to intimidate [Borero] just so he know that I have a gun too and that we can just figure this out." Rather than suggesting that appellant shot Borero as a result of a "sudden, impulse of passion," NRS 200.060, this testimony suggests that appellant made a series of deliberate decisions. We therefore conclude the district court did not abuse its discretion in

---

[2]The record does not include a proposed instruction, nor does it appear from the record that defense counsel provided the court with a proposed instruction.

determining that insufficient evidence supported giving a voluntary manslaughter instruction.

Having considered appellant's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Douglas W. Herndon, District Judge
Law Office of Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk